## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICK J. EMERICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 03-266J |
| | ) |
| NORFOLK SOUTHERN RAILWAY | ) |
| COMPANY, | ) JUDGE KIM R. GIBSON |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION and ORDER

**GIBSON, J**.

### INTRODUCTION

This matter comes before the Court on Defendant's Motion for Sanctions (Document No. 34) and Memorandum of Law in support thereof (Document No. 35). In December, 2003, Nick J. Emerick ("Emerick" or "Plaintiff") sued his former employer Norfolk Southern Railway Company ("Norfolk" or "Defendant") for violating his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. Defendant moved for summary judgment in October, 2005 (Document No. 22), and filed the motion *sub judice* two months later. The summary judgment motion is still pending.

Over two months after Norfolk moved for sanctions pursuant to FED. R. CIV. P. 11, Plaintiff's counsel requested leave of court to file a reply (Document No. 40). The Court denied that request, finding that counsel's cursory motion demonstrated no reason for his failure to respond within the time limit prescribed by the Court's practices. Therefore, Norfolk's motion is deemed unopposed.

That motion seeks sanctions under FED. R. CIV. P. 11(c) against opposing counsel, Gregory G.

1

Paul ("Paul"), for filing a frivolous complaint (Document No. 1), for refusing to voluntarily dismiss this lawsuit after having the opportunity to research governing law and investigate relevant facts, and for failing to communicate with defense counsel.[1]  Document No. 35, p. 1.  For the reasons stated herein, Defendant's Motion for Sanctions is denied.

## BACKGROUND

The pertinent facts of this case are well known to the parties and adequately recounted in the memorandum of law supporting Norfolk's motion.  For purposes of the motion *pendente lite*, it is sufficient to note that this lawsuit unfurled after Emerick submitted to Norfolk a letter from his physician claiming that Emerick could no longer participate in the mandatory stretching regimen that preceded each of his shifts at Norfolk's Juniata Locomotive Shop.  The letter specifically stated that Emerick was still fit to perform all other duties of his job.  Nevertheless, Norfolk immediately placed Emerick on medical hold so that his abilities could be fully ascertained.  Over the next few months, Defendant requested medical information from both Emerick and the physician.  Norfolk terminated Emerick's employment for insubordination when no response was forthcoming.[2]

As Plaintiff's lawyer, Paul then filed this lawsuit, claiming, *inter alia*, that "Mr. Emerick was terminated because Mr. Emerick was disabled, regarded by NORFOLK as disabled and/or had a record of disability within the meaning of the Rehabilitation Act and the Americans With Disabilities Act." Document No. 1, p. 3.  During a subsequent deposition, Emerick admitted that he made no attempt to

---

[1] The Court initially notes that FED. R. CIV. P. 11 "applies only to pleadings, motions or other papers signed by an attorney or a party." *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1358 (3d Cir. 1990).  Defendant's motion does not seek recovery of excess costs, expenses, and attorney's fees under 28 U.S.C. § 1927.

[2] These facts are drawn from Defendant's Motion for Sanctions and are deemed admitted by Plaintiff's failure to respond.

2

make his medical records available to Defendant[3] and that he never contacted Defendant to explain this failure. It was at this point that Defendant began contacting Paul to relay its position that there was no basis in law or fact for the suit and that Paul should therefore withdraw the Complaint. Paul's refusal, along with subsequent discovery corroborating Emerick's testimony that he made no effort to disclose his medical situation, led Norfolk to threaten a motion for sanctions if the suit continued. In the face of this threat, Paul continued his refusal to comply with Defendant's request that he withdraw the Complaint.

## DISCUSSION

The propriety of sanctions is left to the sound discretion of the district court. *DiPaolo v. Moran*,

407 F.3d 140, 144 (3d Cir. 2005) (citing *Garr v. U.S. Healthcare*, 22 F.3d 1274, 1279 (3d Cir. 1994)).

The Advisory Committee's notes suggest several factors relevant to any Rule 11[4] inquiry, including:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar

---

[3] However, Emerick's physician indicated that certain records were sent to the Defendant. *See infra*, p. 5 of this Memorandum Opinion.

[4] In pertinent part, Rule 11(b) reads:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>
>     (1) it is not being presented for any improper purpose. . .;
>
>     (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>     (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

So long as the moving party has complied with certain procedures and the court respects specific limitations set forth in other provisions of the Rule, the court may impose "appropriate sanctions" on the transgressing party. *See* FED. R. CIV. P. 11(c).

conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

*Lal v. Borough of Kennett Square*, 935 F. Supp. 570, 577 (E.D. Pa. 1996). A showing of bad faith is not required; Rule 11 is meant to discourage pleadings that are "frivolous, legally unreasonable, or without factual foundation," regardless of counsel's intent. *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (citation omitted). The sanctioned party's conduct need only be objectively unreasonable. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agents Actions*, 278 F.3d 175, 187 n.7 (3d Cir. 2002).

A survey of recent Rule 11 cases suggests that sanctions are most appropriate when a litigant's conduct is overly vexatious or represents a pattern of behavior. *See, e.g., Toll v. Am. Airlines Inc.*, 166 Fed. Appx. 633, 637 (3d Cir. 2006) (affirming Rule 11 sanctions against a pro se litigant with a demonstrated history of bringing meritless lawsuits); *Eisenstein v. Ebsworth*, 148 Fed. Appx. 75, 78 (3d Cir. 2002) (affirming Rule 11 sanctions against a pro se litigant whose meritless lawsuits had delayed the equitable distribution of a marital estate for over a decade); *Carlino v. Gloucester City High Sch.*, 44 Fed. Appx. 599, 601 (3d Cir. 2002) (affirming sanctions against counsel who filed claims barred by statute and who "flagrant[ly] fail[ed] to conduct any legal research").

Norfolk does not argue that the case *sub judice* is one of several harassing lawsuits that either Emerick or Paul has filed against it. Paul's behavior has neither excessively delayed this litigation nor shown a flagrant–or even negligent–abdication of his professional responsibilities. Instead, Defendant's motion for sanctions relies on two main components. The first is circuit law that an employee cannot recover under the ADA when he or she, rather than the employer, is responsible for any breakdown in

4

the interactive process. Exh. A attached to Document No. 35, pp. 2-3 (citing *Conneen v. MBNA America Bank, N.A.*, 334 F.3d 318 (3d Cir. 2003)). The second is Defendant's claim that "there is simply no evidence that Emerick was 'substantially limited' in any major life activities" and thus protected by the ADA. *Id.* at 5.

There was nothing frivolous about Plaintiff's complaint. It was based on a remedial federal statute that creates a cause of action to redress discrimination like the type alleged. The essential facts grounding the claim–that Plaintiff was terminated after informing his employer of a physical condition–have served as the bases of many successful ADA suits. If discovery began to undermine the merits of Emerick's case, the Court finds that the evidence did not weigh so heavily against Plaintiff that Paul violated Rule 11 by maintaining the lawsuit. Emerick's physician testified, for instance, "that medical records were sent to Norfolk." Exh. A attached to Document No. 35, p. 4 n.3 (citing Raymond Dep. Tr. at 29). Where this claim contradicts other testimony, it is for the finder of fact to decide what evidence is more credible.

Rule 11 does not place on litigants any burden beyond what the rules of procedure already demand. "Counsel is not required before filing a complaint to secure the type of proof necessary to withstand a motion for summary judgment." *Martin v. Brown*, 151 F.R.D. 580, 588 (W.D. Pa. 1993) (quoting *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988)). The Court endorses the implication in *Martin* that the appropriate sanction will not always arrive via Rule 11, but will sometimes assume the more pedestrian form of dismissal or summary judgment. Rule 11 is not a penalty for claimants who are merely unsuccessful. *See, e.g., Robert S. v. City of Philadelphia*, 2001 U.S. Dist. LEXIS 13485, **15-16 (E.D. Pa. 2001) (finding that plaintiff's claims, even if legally unsupportable, could not be called frivolous or unreasonable where there was some supporting

5

evidence).

The adjudicatory process would be of little substance, and legal ethics rules of little worth, if lawyers voluntarily withdrew their cases at the request of opposing counsel. Though it stands as a check against unreasonableness, Rule 11 should not act as the rock to the duty of zealous representation's hard place. To the extent that the evidence in this case favors Defendant, Paul's demand that Norfolk demonstrate as much in its summary judgment motion is consistent with Rule 11 and his obligation to his client. Claims filed in the teeth of contrary legal authority–even dispositively contrary legal authority–are not necessarily frivolous and unreasonable. *See Robert S.*, 2001 U.S. Dist. LEXIS 13485 (E.D. Pa. 2001). If Emerick's claims prove to be without any merit, the ADA's fee-shifting provision, 42 U.S.C. § 12205, may remedy whatever expense Norfolk unjustly accrued. *See Veneziano v. Long Island Pipe Fabrication & Supply Corp.*, 238 F. Supp. 2d 683 (D.N.J. 2002).

To impose sanctions under the circumstances existent in this case would risk deterring the future filing of colorable lawsuits. The Court prefers to rely on the usual course of litigation to screen meritless cases. Paul has been asked to provide evidence establishing a genuine issue as to whether his client suffers a substantially impaired life activity recognized by the ADA. *See* Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Document No. 23), pp. 3-9. Any inability to do so will determine the outcome of this lawsuit, but it will not, at this point, violate the demands of Rule 11. Accordingly, Defendant's Motion for Sanctions is denied.[5] An appropriate order follows.

---

[5] The Court notes that if this Court believed that sanctions were appropriate, then the requirements for particularized notice and an opportunity to be heard would have to be complied with prior to imposition of the sanctions in order to comport with due process; this process may include an evidentiary hearing. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357-59 (3d Cir. 1990). Plaintiff failed to file a response to Defendant's Motion for Sanctions within the twenty-day response time set forth in this Court's practices and procedures. Biography and Practice and Procedures of Judge Kim R. Gibson, http://www.pawd.uscourts.gov/Documents/PublicReference/gibson.pdf (last visited Sept. 26, 2006). Plaintiff's request to file a response outside of the allotted time period was denied; the motion is therefore deemed unopposed. Despite Paul's failure to respond, the Court denies Defendant's motion because of a lack

**AND NOW**, this 26th day of September, 2006, after considering Plaintiff's Motion for Sanctions and Memorandum of Law in Support thereof (Document Nos. 34 & 35), the Court finds no cause for the imposition of Rule 11 sanctions against Attorney Gregory G. Paul. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions is **DENIED**.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**

---

of a basis in law and fact for the Court to impose sanctions.

7